Our final case for this morning is United States v. Lockett. Ms. DeManna. Good morning. May it please the court. Daniel Lockett challenges his unknowing and involuntary guilty plea or, alternatively, his two convictions for the same crime. Because of our limited time together, I'd like to focus on three discrete questions today. First, why the government's law, which informs both of his challenges. Second, how the record below establishes these errors. And finally, why this case should be remanded for a full resentencing should the court find that Mr. Lockett's plea was valid, but that his convictions were not. First, the multiplicity issue. Is black-letter law in the Seventh Circuit that drug type is a sentencing factor, not an element of an 841A offense? So I want to back up. Let me just back up for a second. Because, of course, this is a guilty plea. And it seems to me the whole case turns on that. Because if we were to find that he entered the guilty plea with the correct level of knowingly, voluntarily, all the rest of that, then the multiplicity argument falls out. Because any non-jurisdictional argument is waived by a valid guilty plea. So I think it'll be useful for you to put this argument through that lens. How we might come to the conclusion, your view, that a plain error occurred when he pleaded guilty. Respectfully, your Honor, if the plea is knowingly involuntary, we contend that there was no waiver. This is a jurisdictional issue. And this falls under the Bracci and Robinson line of cases, which is that a defendant, even on a guilty plea, cannot waive double jeopardy challenges where the challenge is clear from the record, which it is in this case. And the issue is the dual punishments. Why is that clear from the face of the indictment? From the face of the indictment, why couldn't he have possessed the two separate drugs 12 hours apart? I'll answer both questions that I think you've asked. The first is, it's clear on the face of the record. So the test is the record, not the indictment itself. Which it is clear in this case because we're challenging the judgment, which is the record and the two punishments convictions for the same crime under 841A. But secondly, I think the question being why this multiplicity challenge is clear, that two 841A convictions in this instance are multiplicitous. And that's because the element of prosecution under 841A is the possession. And that's clear under the law of this circuit, under the Powell case, and it's clear under the Horton case, which is that drug type is a sentence. But if he possessed two drugs, I mean we've had cases with all sorts of variants on this, but for example, if the heroin had been in the trunk of his car and the cocaine had been upstairs in his bedroom, that would have not presented a multiplicity problem. That would have been understood as two separately indictable possessions. In his case, I understand it's all in this bag, but do we know that well enough to escape the waiver issues that come with a guilty plea? That's correct. Because the unit of prosecution is a possession, respectfully, a possession in a trunk of a car would be a constructive possession. A possession on a person would be an actual possession. So you're referring to the Griffin case, which those are two discrete multiplicities, and that is what the case law establishes. The issue I think that some people have is that for some reason we think of drugs differently under a unit of prosecution offense. So if we think about some examples from some other contexts, I think that might help illustrate the issue. So if I, for example, broke into the Walgreens down the street and stole bread, cheese, and ham, I would be prosecuted and convicted of one theft. I wouldn't be prosecuted and convicted of three. A sandwich. Well, exactly. Exactly. I wouldn't be convicted of three thefts. It would be one crime. Similarly, the gun cases under the 924C charges make this clear. Multiple possessions or multiple guns in the same possession for an underlying offense is only one 924C violation. And one gun possession for multiple predicated offenses is still only one 924C offense. In terms of the knowing and voluntary nature of his guilty plea, what was complex, do you think, about the nature of the charges in this case? He possessed two different drugs and he was charged separately with possession of each one in a separate count. The complexity stemmed from the fact that what he was charged with collectively was not a crime. He could not have been convicted and punished for two 841A offenses, which is what was charged, two separate offenses. So the complexity stemmed not from the necessary nature of the crime, intent or distribution or drugs, but from the fact that what he was charged with was not actually a crime for which he could be convicted. No, you're saying he should have, when he pleaded guilty, he should have said, I can plead guilty to only one thing. I'm not pleading guilty to both counts. And then, of course, the other count would have come in as relevant conduct, I presume. He could have been sentenced on the whole bit. Yes, he could have been. Drug type and quantity are sentencing factors, so those would have come out as sentencing. Well, and I'm just saying the other drugs in the bag, you know, would have come in certainly as part of the same common scheme, course of conduct, etc. So he could have been sentenced based on all of the drugs he was carrying. He just couldn't get separate convictions. Does this mean anything other than the special assessment? It does. There were two separate special assessments, fines, and there were two separate convictions and prison sentences, even though the prison sentences were to be run concurrently. So there were dual punishments, and it's the law. But fixing it is really, as a practical matter, just going to get rid of the second $100. If we were to get past all of the guilty plea stuff and look at the sentence alone. So respectfully, the remedy here should be a complete remand. So assuming that there's a multiplicity violation and the plea would have been knowing involuntary, this court should send the case down for a complete resentencing as the remedy, because this court can't be assured that his sentence would be the same. The sentencing hearing and the transcript, the decision was on a razor's edge. And the real issue here was the career offender enhancement, which increased Mr. Lockett's time in prison by over a decade. And it's clear from the transcript that any one change could have altered the scale here. So the government admitted that it was a hard call, whether the court should use its discretion in sentencing the career offender guideline. The district court and the government were sympathetic to Mr. Lockett's long struggle with heroin addiction. And the district court clearly focused on the intent to distribute heroin charge during sentencing as a big part of the decision to sentence Mr. Lockett as a career offender. And changing the conviction to only one count and sending it back down, we can't be sure that in the court's discretion it would impose. I wouldn't change the facts at all. It may or may not. So under, if drug type is a sentencing factor, that would be something that would have to come out at the sentencing hearing, which drugs Mr. Lockett intended to distribute. So he's clearly said he didn't intend to distribute the heroin. Well, he admitted in the plea hearing that he intended to distribute both, right? He admitted everything as a unit together. So he pleaded to both counts together. So it's not. Well, that's the thing. I thought your big point was, aside from one place in the plea colloquy, all the rest of the references the district court judge makes is to counts one and two together. It's sort of like counts one and two are this and counts one and two are that. So as he goes through the Rule 11, he doesn't even at the subpart G separate out each individual charge. That's correct. And also the fact that the district court, I will point you to a place in the record, RSA 61 through 63, the fact that the judge let Mr. Lockett plead to something that wasn't a crime. So because the charges were multiplicitous, this is where the district court judge should have stopped the hearing. Let's back up there for a second. The government has pointed though to a number of cases from other circuits that say there's no problem with this, right? There are other circuits that have held. Have any of them abandoned those positions since the guidelines took effect? No, but many of them are bound by circuit precedent from these older cases before the guideline and respectfully, the cases are stale. So 841 has changed. I beg your pardon. Stale? Abandoned by the circuits that follow? You're under a plain error standard, right? Correct. And we've got other circuits that say this is perfectly okay. How does that plain error? This circuit has said that these charges are multiplicitous. So this is the United States versus Powell case, which is a 841 and 846 conspiracy to distribute drugs. Those are different circumstances. I understand you can make an argument from Powell, but again, plain error is a pretty demanding standard and when you can point to other circuits law as saying this is perfectly okay, it's hard to see a plain error. But the Powell case does hold that 841A charges are multiplicitous. So the conspiracy statute, that is a respectfully what you've said is different circumstances, 846 conspiracy just criminalizes the underlying conduct. And here the court found that two instances of 841A in the pass-through conspiracy statute in Powell were multiplicitous. Let me ask you about the effects of a Prendy and a Lane for 841A1. We know that the defendant doesn't have to be proven to have known exactly what the substance was or how much of it there was. But if I'm reading the statute correctly, if the government were to try to indict under 841A1 without identifying the substance and a quantity, then we're kicked into, in essence, possession of a minor quantity of marijuana in a one-year maximum sentence. It goes through which suggests to me that the government pretty much has to include substance and quantity in the indictments and has to prove it or get an admission. Well, I think this is a difference between the indictment and the facts and what ends up, what the defendant ends up pleading guilty to or what gets shown at trial, which is what a Prendy and its progeny are concerned with. But I don't think the indictment needs to I think that would come out in the elements of the offense or the factual predicate or the jury trial if there is one. If the indictment doesn't specify the amount and the quantity, then we're going to get an Elaine Apprendi challenge to a conviction, right? If the sentence is more than a year. I believe that that would be putting a lot of weight on the indictment to specify the That's what Apprendi and Elaine do. It's a Sixth Amendment right to be indicted by a grand jury as to all elements of the offense that affect either the minimum or the maximum sentence and as well as the right to have those facts either proven beyond a reasonable doubt to a jury or admitted by the defendant. Well, respectfully, I would be happy to submit supplemental briefing on Apprendi and this So if there were two types of drugs in one count or the quantity of drugs in one count, that would take care of some of these issues. But the problem here is that there were two counts, two convictions, and those are multiplicitous. A second conviction is a punishment that has consequences and is multiplicitous. Okay. I'll give you a minute to rebut and I'll decide whether we need further briefing. Thank you. Thank you. Mr. Burrow. Yes. May it please the Court, Counsel. My name is Deidre Durban, Assistant United States Attorney out of the Southern District of Illinois. And Judge Hamilton, you are correct in that since Apprendi, drug weight and quantity are essential elements. Certainly under 841A1, Subsection A and Subsection B, the government does have to prove drug quantity and weight. Now under Subsection C, we technically would not have to allege that because there's no minimum mandatories that kick in. But that doesn't necessarily mean that you have two separate crimes. And Ms. DiMana drew an analogy to 924 and actually a lot of the gun offenses. The government for a lot of purposes would want to show which kinds of guns, was it, you know, a sentence can be affected if a shotgun is more than a certain, or less actually if it's a sawed-off shotgun than a certain number of inches. And there are factors that affect sentencing in the gun statutes as well. And yet if you are charged with maintaining a cache of guns, the government doesn't have separate counts for each gun, right? So by analogy, why isn't this something that is, you know, count one, possession with intent to distribute, you know, so much cocaine and so much heroin and so much marijuana, and then you've got it alleged in the indictment, you would prove it, you'd have, however it happened to go, guilty plea or jury trial, you'd get the findings that you needed for Apprendi and or Allain. So I think in terms of our issue, it's really were you allowed to segregate these out into two separate crimes and was the district court as, did the district court commit plain error when he doesn't follow the requirements of Rule 11 to make sure he's going through the colloquy for each charge? I mean, it'd be easy for a drug charge and a gun charge. You would know that the district judge was describing two crimes. This is a little more difficult. But that, I think, is our question. Yes, Your Honors. The reason I charge the counts individually is because not all of the substances seized were tested. Some of the substances seized, the crack cocaine, was not tested. Why does that matter if it's all in the same bag? I mean, this is not the trunk of the car in the apartment or this stash house and that stash house. I'm thinking in terms of a jury trial. What can I prove beyond a reasonable doubt? And I wanted to put the defendant on specific notice as to what he was charged with. Sure. Now, whether one of those counts was dismissed or sentencing, that's another issue. But because the prescription pills weren't tested and the crack cocaine wasn't tested, I wanted him specifically to be known he's charged with the cocaine and with the heroin. I still don't see why that gives you separate counts. I mean, think of all those cases about, you know, if you rob a store and you break through and you rob the next store over something. That's two events. But if you take a lot of things from one store, it's one event. Well, the same need for clarity in terms of what you're going to be proving. I get that. I think there's other circuits, Your Honor, where you are talking about different schedules, different types of drugs. I think it does make a difference. And in terms of sentencing, the court does look at it. Those cases are all pre-everything. I get that. They are. They're old. Let's suppose different facts. Somebody was helping with a truckload of marijuana coming up from the southern border. Helping with it. Turns out that there's also a suitcase with 10 kilos of cocaine in there that he doesn't know anything about. You can charge those together under the defendant's theory here. At trial, a defendant is going to be willing to say, look, I knew about the marijuana. I had no idea about any of this cocaine. I wasn't helping with that. You can't hold me responsible for that. And I would think that as a prosecutor, you'd at least want to allow a jury the option of a split verdict in that point on that score, right? I agree. And certainly if the weight of the cocaine... And you need a separate count, a separate verdict as to the two points. Exactly. So in my line of thinking, when I was preparing this for charging, I thought these things through. But I was more... I'm not concerned about a plea. A plea is wonderful. I'm concerned about, can I prove this beyond a reasonable doubt at trial? So therefore, because of that, I thought it would be cleanest and best to charge them separately. If we disagree with you, we will be in conflict, I take it, with the Second, Fifth, and Sixth Circuits. We're already in conflict with the Second, Fifth, and Sixth Circuits. So the question is, does the conflict maintain? I think that the... I believe that Judge Wood did get the crux of the entire argument is really was the plea knowing involuntary. And I couldn't agree more. And if you look at this plea colloquy and this plea transcript, there could not have been a district judge more thorough and complete. This district judge is slow, is patient, is methodical, is calm. And I know you can't see all those things when you read the transcript, but when you do read it, he reads the indictment separately to him. Yes, a few times he does kind of combine things together. He gives the penalty... You have to be appellate judges to understand what's going on here. I'm sorry, I didn't... What's that now, ma'am? I'm sorry, Judge, I didn't... Does any of that matter if you literally have to be appellate judges to figure out what has happened here? I think Judge Rovner is saying, could it be plain error if it's not obvious until it gets to the Court of Appeals and we sit around for a week and study the transcript? Right. I don't think there's error here. The district judge was thorough. The defendant was aware of the charges. The defendant was aware of the consequences. The defendant was advised by counsel. If you look at the entire record from the arraignment in February where that magistrate was also extremely thorough, advising of the charges, advising of the penalties, had he read the indictment, had he received a copy of the indictment from the time of the change of plea throughout the entire course of the change of plea, the district judge made it clear that it was up to him whether you proceed. Yeah, but if it's, you know, arcane or unusual or something, you know, that nobody quite got... But this is not. This was something fairly simple. He knew he possessed and distributed heroin and cocaine. He pled to those. He understood that. He stated he understood the stipulation of fact. He stated he understood the elements penalties page. So there was no confusion here. It's simply that when he was not happy with his sentence, and even the district judge at the change of plea stated that if you're not happy with your sentence, do you understand that you cannot withdraw your plea? And after all of this time, the individual understood the charges, the elements, the penalties, and the consequences. Therefore, I would argue that there was no plain error, and that if you do think the indictment was multiplicious and it needs to be sent back, I agree with you that it's really only the $100 special assessment and the fine. So it's just $100, you think? And the fine. The fine would be split. Okay. If there's no further questions... I see none, so thank you very much. Thank you. Have a good day. I don't know how much time does she have? I'll give you a minute to... A couple of points to address. First, this court is correct in that it's a totality of the circumstances test, so the multiplicitous indictment, it was a confusing charge, and that is what caused an unknowing and involuntary plea and amounted to plain error. And the second conviction, the second crime. So when the judge asked Mr. Lockett to plead guilty to a second crime, there were no elements that could satisfy that. This case is like this court's Bradley decision in that there wasn't a way to convict Mr. Lockett of the second crime, and that's why this was not knowing and voluntary. In addition, for the point about quantity of drugs or a truckload of marijuana and a So while there are facts in a guilty plea, elements of an offense, or during a jury trial, what the jury considers or not, there are sentencing factors for the judge to weigh, which is what this court has decided in its line of court and cases and others. And so respectfully, Mr. Lockett asked this court to hold that his plea was not knowing and voluntary for the reasons articulated in the brief in addition to the multiplicity issues, or in the alternative, to vacate one of his convictions, which was multiplicity, and remand this case for resentencing so the judge can consider only one count. All right. Thank you very much. And you too, I believe, were appointed by the court. We appreciate your help. We appreciate your help to your client. Thank you as well to the government. We'll take the case under advisement, and the court will be in recess.